UNITED STATES DISTRICT FOR THE DISTRICT OF COLUMBIA

Plaintiff,

Robert Dixon
9103 Woodmore Center Drive, #183
Lanham, Maryland 20706

VS.

Defendant,

Antony Blinken,
Secretary, Department of State
Open Forum S/OF, Rm. 5312A
2201 C St. NW.
Washington, D.C. 20520

Case: 1:22-cv-02357   JURY DEMAND
Assigned To : Unassigned
Assign. Date : 8/10/2022
Description: Employment Discrim. (H-DECK)

Jury Trial: (**Yes**)

August 10, 2022

## **Complaint**

### I.    **Jurisdiction**

29 CFR § 1614.407

According to the Decision on Request for Reconsideration (Request No. 2022001931)

dated May 16, 2022, I Robert Dixon (Plaintiff) received from the Equal Employment

Opportunity Commission (EEOC), I have the right to file a Civil Action in the United

States District Court. no later than 90 days from its issuance.  Therefore, as the Plaintiff, I

am respectfully invoking my right to file a Civil Action against the U.S. Department of

**RECEIVED**

AUG 1 0 2022

Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

1

State (Agency), located within the District of Columbia, where I work and is the location where my EEO complaint occurred.  See *Exhibit 1*.

## II.    Venue

I work for the U.S. Department of State, located in the District of Columbia, which is also where my Civil Rights were violated for discrimination due to my sex (male), when I filed an EEO complaint with/against my agency, U.S. Department of State approximately around February 2018.

## III.    Parties

Plaintiff - Robert Dixon, 9103 Woodmore Center Drive, #183, Lanham, Maryland 20706

Defendant - Antony Blinken, Secretary, Department of State, Open Forum S/OF, Rm. 5312A, 2201 C St. N.W., Washington, D.C. 20520

## IV.    Statement of Facts

A. I, Robert Dixon (Plaintiff) filed this civil action against the U.S. Department of State due to its violations of the following Federal laws and Management directives:

   1) 29 CFR § 1614.108(b)

   2) 29 CFR § 1614.102(c)(5)

   3) EEOC Management Directive (MD) 110, Chapter 6(I), (III), (IV)(c), (V)(c)(d), (VI)(a)

In and of itself, when the U.S. Department of State made the conscious decision to not properly investigate and/or fail to share witness/testimonial information during my EEO complaint process to me as the Complainant, as it formulated its decision that I was not

discriminated against due to my sex (male). In doing so, conveniently afforded the

Agency the ability to forgo key vital evidence I believe is material, relevant, and reliable

from Christine Rice who was my co-worker at the time and remains a current Department

of State employee, I named as a witness in my EEO complaint which began

approximately in February 2018, which also assisted the EEOC as it too failed to

properly review all the facts of this case, before rendering a decision to rule in favor of

the U.S. Department of State. See *Exhibits 2.*

B. U.S. Department of State's failure to adhere to EEOC's Management Directive (MD)

Chapter 6, caused me continued undue stress and subjected me to additional work place

discrimination which led to me filing subsequent EEO complaints, Request for Appeals,

and Request for Reconsideration of EEOC decisions related to all of my filed EEO cases.

I sought professional counseling which cost me financially, and I became dependent on

alcohol to assist me with dealing with the continued discriminatory acts that continued to

be fall me, as I continued to do my job as a federal employee, employed as a Human

Resources Specialist to the best of my abilities.

## V.  **Claims**

A. Claim 1

29 CFR § 1614.108(b)

U.S. Department of State failed to develop an impartial and appropriate factual record that

allows a reasonable fact finder to draw conclusions as to whether discrimination occurred,

when in and of itself decided to forgo interviewing and/or provide testimony from

Christine Rice who was my co-worker at the time and remains a current Department of

State employee, I named as a witness in my EEO complaint which began approximately in February 2018.

B.  Claim 2

EEOC Management Directive (MD) 110, Chapter 6 (I)

U.S. Department of State failed to develop an impartial and appropriate factual record that allows a reasonable fact finder to draw conclusions as to whether discrimination occurred, when in and of itself decided to forgo interviewing and/or provide testimony from Christine Rice who was my co-worker at the time and remains a current Department of State employee, I named as a witness in my EEO complaint which began approximately in February 2018.

C.  Claim 3

29 CFR § 1614.102(c)(5)

The EEO Director is responsible for assuring that individual complaints are fairly and thoroughly investigated, however the U.S. Department of State failed to develop an impartial and appropriate factual record, when in and of itself decided to forgo interviewing and/or provide testimony from Christine Rice who was my co-worker at the time and remains a current Department of State employee, I named as a witness in my EEO complaint which began approximately in February 2018.

D.  Claim 4

EEOC Management Directive (MD) 110, Chapter 6 (III)

The EEO Director is responsible for assuring that individual complaints are fairly and thoroughly investigated.  The EEO Director also must ensure that there is no

4

conflict of interest or appearance of conflict of interest in the investigation of complaints. The U.S. Department of State failed to develop an impartial and appropriate factual record, when in and of itself decided to forgo interviewing and/or provide testimony from Christine Rice who was my co-worker at the time and remains a current Department of State employee, I named as a witness in my EEO complaint which began approximately in February 2018.

E. Claim 5

EEOC Management Directive (MD) 110, Chapter 6 (IV)(c)

The investigator is obligated to collect evidence regardless of the parties' positions with respect to the items of evidence. The investigation shall include a thorough review of the circumstances under which the alleged discrimination occurred; the treatment of members of the complainant's group as compared with the treatment of other similarly situated employees, if any; and any policies and/or practices that may constitute or appear to constitute discrimination, even though they have not been expressly cited by the complainant. The U.S. Department of State failed to develop an impartial and appropriate factual record, when in and of itself decided to forgo interviewing and/or provide testimony from Christine Rice who was my co-worker at the time and remains a current Department of State employee, I named as a witness in my EEO complaint which began approximately in February 2018.

F. Claim 6

EEOC Management Directive (MD) 110, Chapter 6 (V)(c)(d)

The Investigator must be unbiased and objective, in whatever the mix of fact-finding
activity selected for a particular case.  The investigator must be and must maintain the
appearance of being unbiased, objective, and thorough.  The investigator must be
thorough in identifying and obtaining all relevant evidence from all sources regardless of
how it may affect the outcome.  The U.S. Department of State failed to develop an
impartial and appropriate factual record, when in and of itself decided to forgo
interviewing and/or provide testimony from Christine Rice who was my co-worker at
the time and remains a current Department of State employee, I named as a witness in my
EEO complaint which began approximately in February 2018.

G.  Claim 7

EEOC Management Directive (MD) 110, Chapter 6 (VI)(a)

Evidence will be gathered from the complainant, witnesses, and other sources.  In order
to support findings and, ultimately, decisions, this evidence should be material to the
complaint, relevant to the issue(s) raised in the complaint, and as reliable as possible.
The U.S. Department of State failed to develop an impartial and appropriate factual
record, when in and of itself decided to forgo interviewing and/or provide testimony from
Christine Rice who was my co-worker at the time and remains a current Department
of State employee, I named as a witness in my EEO complaint which began
approximately in February 2018.

## VI.  **Request for Relief**

A.  I am respectfully requesting a reversal of all decisions previously rendered by the U.S.
Department of State who failed to develop an impartial and appropriate factual record,

when in and of itself decided to forgo interviewing and/or provide testimony from Christine Rice who was my co-worker at the time and remains a current Department of State employee, I named as a witness in my EEO complaint which began approximately in February 2018, when the Agency failed to consider all relevant evidence available during the entire period of time my EEO complaint case was ongoing, as it made its decisions to not find themselves at fault of violating federal laws, Management directives, and my civil rights when I was discriminated against because of my sex (male).

B.  I am respectfully requesting a reversal of all decisions previously rendered by the Equal Employment Opportunity Commission (EEOC), who failed to recognize/properly review and acknowledge all of the facts in the EEO case, without key witness investigative/testimonial information having never being provided and given the answers I received to my questions, while Agency consul was present, where I asked the Administrative Judge assigned to my EEO case during the discovery process where was the investigative/testimony from Christine Rice, and the managers named in my complaint, where the Administrative Judge informed me that the Agency did not have to provide investigative/testimony from Christine Rice, nor the supervisors named in my complaint.

Therefore, I am requesting that the EEOC's decisions in their rulings in favor of the U.S. Department of State be reversed and changed in favor of the Complainant  (Robert Dixon) in the EEO case, due to what looks as if their decisions were incorrect as   they violated both federal laws and their own EEOC Management Directive (MD) 110,

Chapter 6, when they continued to rule in favor of the Agency, without considering all available evidence, nor making any mention of missing investigative/testimonial evidence in their rulings when they determined that I was not discriminated against due to my sex (male).

C.  I am respectfully seeking the following relief do to what I believe a reasonable person would conclude that it is likely, then not that the Agency, the Administrative Judge, and the EEOC failed in their capacities to make their decisions to rule without considering all of the available evidence that should have been provided in the EEO case when they conveniently made their decisions to not interview or provide testimony, and consider all available testimony that should have been taken from Christine Rice, who the Plaintiff repeatedly named throughout the EEO case proceedings in the EEO case.

Therefore, as the Plaintiff I am respectfully requesting that decisions in the EEO case be reversed, where the Agency is determined to be at fault of discriminating against the Plaintiff on the basis of my sex (male), when the Plaintiff was denied the right to change my telework day, due to a federal holiday, only to be approached weeks later by Christine Rice who teleworked on the same day as the Plaintiff, who approached and informed the Plaintiff that she has always been able to change here telework day when it falls on a federal holiday and who subsequently was able to do so after approaching the Plaintiff. I am also asking for relief in the amount of $300,000 for the many years of continued pain and suffering, compensatory damages, and for all applicable court costs and legal fees, that I have been and continued to endure as a result of the Agency, Administrative Judge, the EEOC failure to adhere to federal laws and Management directives.

## VII. **Demand for Jury Trail**

I am respectfully making a demand for a Jury Trail.

Robert Dixon
9103 Woodmore Center Drive, #183
Lanham, MD 20706
(571) 286-1101
RLD1@icloud.com

Plaintiff

# Exhibit 1



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**Office of Federal Operations**
**P.O. Box 77960**
**Washington, DC 20013**

Robert Dixon, a/k/a
Coleman H.,[1]
Complainant,

v.

Antony Blinken,
Secretary,
Department of State,
Agency.

Request No. 2022001931

Appeal No. 2021000634

Hearing No. 570-2019-00614X

Agency No. DOS-0154-18

DECISION ON REQUEST FOR RECONSIDERATION

Complainant timely requested that the Equal Employment Opportunity Commission (EEOC or Commission) reconsider its decision in Coleman H. v. Dep't of State, EEOC Appeal No. 2021000634 (Jan. 26, 2022). EEOC Regulations provide that the Commission may, in its discretion, grant a request to reconsider any previous Commission decision issued pursuant to 29 C.F.R. § 1614.405(a), where the requesting party demonstrates that: (1) the appellate decision involved a clearly erroneous interpretation of material fact or law; or (2) the appellate decision will have a substantial impact on the policies, practices, or operations of the agency. See 29 C.F.R. § 1614.405(c).

Complainant, a GS-0201-12 Human Resources Specialist at the Agency's Executive Office for the Bureaus of Administration and Information Resource Management in Washington, D.C., filed a formal EEO complaint alleging that the Agency discriminated against him on the basis of sex (male) when:

---

[1] This case has been randomly assigned a pseudonym which will replace Complainant's name when the decision is published to non-parties and the Commission's website.

2                                              2022001931

1. On September 6, 2016, Complainant's request to review his position description was denied;
2. On or about December 19, 2016, Complainant's request for training was denied;
3. On January 4, 2017, Complainant's request to telework was denied;
4. As late as March 2017, Complainant was not selected for a Human Resources Specialist position (Vacancy Announcement No. VA-16-0230);
5. As late as March 2017, Complainant was not selected for a Human Resources Specialist position (Vacancy Announcement No. ST-10000719-19-16-KB);
6. In or around June 2017, Complainant was not selected to receive a award;
7. On January 12, 2018, Complainant's request to reschedule his telework day was denied, unlike his similarly situated coworker; and
8. Complainant was subjected to a hostile work environment, characterized by, but not limited to, false accusations and heightened scrutiny.

Following an investigation, Complainant requested a hearing before an EEOC Administrative Judge (AJ). The AJ assigned to the matter issued a summary judgment decision in favor of the Agency finding that Complainant was not subjected to discrimination as alleged. The Agency subsequently issued a final order fully adopting the AJ's decision. In the appellate decision, the Commission affirmed the final order.

In his request for reconsideration, Complainant expresses his disagreement with the previous decision and reiterates arguments previously made on appeal. The Commission emphasizes that a request for reconsideration is not a second appeal. Equal Employment Opportunity Management Directive for 29 C.F.R. Part 1614 (EEO MD-110), Chap. 9 § VI.A (Aug. 5, 2015); see, e.g., Lopez v. Dep't of Agric., EEOC Request No. 0520070736 (Aug. 20, 2007). Rather, a reconsideration request is an opportunity to demonstrate that the appellate decision involved a clearly erroneous interpretation of material fact or law, or will have a substantial impact on the policies, practices, or operations of the Agency. Complainant has not done so here. Complainant has not presented any persuasive evidence to support reconsideration of the Commission's decision.

After reviewing the previous decision and the entire record, the Commission finds that the request fails to meet the criteria of 29 C.F.R. § 1614.405(c), and it is the decision of the Commission to DENY the request. The decision in EEOC Appeal No. 2021000634 remains the Commission's decision. There is no further right of administrative appeal on the decision of the Commission on this request.

### COMPLAINANT'S RIGHT TO FILE A CIVIL ACTION (P0610)

This decision of the Commission is final, and there is no further right of administrative appeal from the Commission's decision. You have the right to file a civil action in an appropriate United States District Court **within ninety (90) calendar days** from the date that you receive this decision.

3                                                      2022001931

If you file a civil action, you must name as the defendant in the complaint the person who is the official Agency head or department head, identifying that person by his or her full name and official title. Failure to do so may result in the dismissal of your case in court. "Agency" or "department" means the national organization, and not the local office, facility or department in which you work.

<u>RIGHT TO REQUEST COUNSEL</u> (Z0815)

If you want to file a civil action but cannot pay the fees, costs, or security to do so, you may request permission from the court to proceed with the civil action without paying these fees or costs. Similarly, if you cannot afford an attorney to represent you in the civil action, you may request the court to appoint an attorney for you. **You must submit the requests for waiver of court costs or appointment of an attorney directly to the court, not the Commission.** The court has the sole discretion to grant or deny these types of requests. Such requests do not alter the time limits for filing a civil action (please read the paragraph titled Complainant's Right to File a Civil Action for the specific time limits).

FOR THE COMMISSION:

Carlton M. Hadden, Director
Office of Federal Operations

May 16, 2022
Date

# **Exhibit 2**



NOV 1 6 2018  **U.S. Department of State**
Office of Civil Rights (S/OCR) 

## FORMAL COMPLAINT OF DISCRIMINATION

| PRIVACY ACT STATEMENT (5 U.S.C. § 552(a)) | |
|---|---|
| AUTHORITY | Public Law 92-261 |
| PRINCIPAL PURPOSE | Used for processing complaints of discrimination because of race, color, national origin, sex (including pregnancy and gender identity), religion, age, physical or mental disability, genetic information, sexual orientation, or reprisal for prior EEO activity or opposition to illegal discrimination. Complaints can be submitted by Department of State employees, former employees, applicants for employment, and some contract employees. |
| ROUTINE USES | Information will be used (a) as a data source for complaint information for production of summary descriptive statistics and analytical studies of complaints processing and resolution efforts; (b) to respond to general requests for information under the Freedom of Information Act; (c) to respond to requests from legitimate outside individuals or agencies (White House, Congress, Equal Employment Opportunity Commission) regarding the status of a complaint or appeal; or (d) to adjudicate a complaint or appeal. |
| DISCLOSURE | Voluntary, however, failure to complete all appropriate portions of this form may lead to a delay in processing and/or rejection of the complaint on the basis of inadequate data to continue processing. |

### COMPLAINANT CONTACT/PERSONAL INFORMATION

| 1. Name *(Last, First, MI.)* | | | 2. U.S. Citizen |
|---|---|---|---|
| Dixon | Robert | L. | **X** Yes ☐ No |

| 3. Home Telephone *(Include area code or country code if overseas)* | 4. Home E-Mail Address |
|---|---|
| (571) 286-1101 | RLD1@icloud.com |

**5. Mailing Address *(Include ZIP code, if applicable)***

9103 Woodmore Center Drive #183

| 6. Work Telephone *(Include area code or country code if overseas)* | 7. Work E-Mail Address |
|---|---|
| (202) 485-7092 | DixonRL@state.gov |

| 8. Work Address | 9. Are you working for the Federal government? |
|---|---|
| A/EX/HRD, suite 5.100, 600 19th St. NW, Washington, DC 20006 | ☐ Yes    ☐ No |

| 10. Aggrieved is a(n): **X** Employee    ☐ LE Staff    ☐ Other *(Specify)* |
|---|
| ☐ Applicant    ☐ *Contractor - You must provide a copy of your hiring contract at the same time you file this complaint |

| 11. Title and Grade of Current Position | 12. Current Employer |
|---|---|
| Human Resources Specialist GS-0201-12 | Department of State, Bureau of Administration, HR division |

### REPRESENTATIVE/ATTORNEY INFORMATION

| 13. Do you have a representative? | 14. If yes, provide name of representative. |
|---|---|
| ☐ Yes    **X** No | |

| 15. Is your representative an attorney? | 16. Address |
|---|---|
| ☐ Yes    ☐ No | |

| 17. Telephone *(Include area code)* | 18. E-Mail |
|---|---|
| | |

### COMPLAINT INFORMATION

**19. Bureau/Office/Post Where Discrimination Allegedly Took Place**

Bureau of Administration, Human Resources Division, SA-17

**20. Date(s) Alleged Discrimination Occurred**

| 09-06-2016 | 12-19-2016 | 01-04-2017 | 01-23-2017 | 04-24-2017 |
|---|---|---|---|---|
| *(mm-dd-yyyy)* | *(mm-dd-yyyy)* | *(mm-dd-yyyy)* | *(mm-dd-yyyy)* | *(mm-dd-yyyy)* |

DS-3079
10-2015

Page 1 of 2

Formal Complaint
Page    1    of    9

**21. Why do you believe you were discriminated against?** *(Check all that apply and specify.)*

[ ] Race _____     [ ] Color _____     [ ] Age *(mm-yyyy)* _____

[ ] Genetic Information _____     [ ] National Origin _____     [ ] Religion _____

[X] Sex     Male _____

  [ ] Pregnancy _____

  [ ] Gender Identity _____

  [ ] Sexual Orientation _____

[ ] Disability *(Check all that apply and specify)*

  [ ] Mental _____

  [ ] Physical _____

[ ] Reprisal *(Provide date. Check all that apply, and specify)*

  Date *(mm-dd-yyyy)* _____

  [ ] Engaging in prior protected activity *(Specify)* _____

  [ ] Opposing discriminatory policies or practices *(Specify)* _____

[ ] Other *(e.g., Veteran's preference, marital status, etc.)* _____

**22. Did you discuss your complaint with an EEO Counselor?**
[X] Yes     [ ] No

| 23. Name of EEO Counselor | 24. Date Notice of Right to File Received *(mm-dd-yyyy)* |
|---|---|
| Michelle Martin | 04-24-2018 |

**25.** Explain specifically how you were discriminated against (treated differently from other employees or applicants) because of your race, color, national origin, sex, religion, age, physical or mental disability, protected genetic information, sexual orientation, or reprisal for prior EEO activity or opposition to illegal discrimination.
*(Space will expand to fit. Attach additional sheets if necessary. To print the additional pages (addendum), check the print addendum box in the right hand corner of the print dialog box.)*

Please see my attached sheets that address item 25 of this form.

**26. What remedies and relief are you seeking?**

*(Space will expand to fit. Attach additional sheets if necessary. To print the additional pages (addendum), check the print addendum box in the right hand corner of the print dialog box.)*

I am respectfully seeking compensatory and punitive damages.

**27. Have you filed a grievance on the matter(s)?**
[X] No  [ ] Yes     Grievance Date Filed *(mm-dd-yyyy)* _____

**28. Have you filed an appeal with Merit Systems Protection Board (MSPB) on the matter(s)?**
[X] No  [ ] Yes     Appeal Date Filed *(mm-dd-yyyy)* _____

| 29. Complainant's Signature   *Robert Lee Dixon JR* | Date *(mm-dd-yyyy)*   05-07-2018 |
|---|---|

DS-3079

Formal Complaint
Page 2 of 9

May 7, 2018

## DS-3079 (**FORMAL COMPLAINT OF DISCRIMINATION**)

### Item 25

It is my belief that on September 6, 2016, my first day of work within the Department of State, Bureau of Administration, and Human Resources Division after transferring from another Bureau within the Department, that I feel is the first day that I experienced discrimination from my supervisor (Rita Evans) and my Human Resources Division (HRD) director (Aisha Mooney-Phillips). When I asked Rita Evans for a copy of my position description (PD). She looked mystified after I asked her for a copy of my PD, then she paused and instructed me to see the HRD director Aisha Mooney-Phillips, wear I then asked, why would I go see the HRD director in order to obtain a copy of my assigned PD? Rita responded by telling me, that Aisha had been in the process of updating the position description I was assigned too. I thought the answer she gave me was a bit peculiar, especially considering this office had just advertised the position I was just hired into. As a staffing and recruitment HR Specialist in which this is the work that I was hired to perform, and had previously performed within the State Dept., as well as in other Federal Agencies. The Office of Personnel Management as well as State Dept. has guidance that no position description outside of five years old will be used to advertise a vacant position without first being recertified or reclassified. Aisha made a telephone call to Tami Allen who works within my assigned team, who looked for a copy of my PD and all she was able to find was an outdated (more than five years old) PD.

Periodically, I continued to ask about the status of my PD that was supposed to be in the process of being reclassified and now it is May 2018 and I still have not been provided with an updated position description, which continues to raise great concerns for me, especially when my supervisor has been and still is continuing to base my work commitments for my annual performance appraisals off of a position description that hasn't been reclassified or recertified since 2002.

1

 

The second time I was discriminated against was approximately around December 19, 2016 when I received email notification from Rita Evans instructing me to schedule the one approved training class out of 4 that I had requested, where I believe my other team members were approved for more than the one class I had been approved for.  Considering I am the only male within a team that consisted of a supervisor and 4 other team members all females.

The third time I was discriminated against was approximately around January 4, 2017, when I asked Rita Evans if I could begin to telework on Monday January 9, 2017, especially considering I had waited as the EX director of A Bureau had laid out in her telework policy that all new employees and transferred employees from other bureaus within the department had to wait 120 days before we could telework, in which my 120 day mark was January 4, 2017.  Rita told me no I could not telework when I asked, so I asked why not, and she refused to provide me an explanation other than saying because she said so.

The fourth time I was discriminated against and many more that followed was approximately around January 23, 2017 when I received an email from Rita Evans accusing me of not submitting the second half of my telework report at the end of my work day on January 19, 2017, which I did actually submit at the end of that workday.  I went on periodically to receive comments from Rita about my initial telework request reports that stretched through until October 2017, that defied my imagination, as to why this person was so fixated on causing me undue stress, when I am a self-starter and never has to be told to do my job because I take great pride in doing what I was hired to do.  During September 2016 to January 2018 I cannot remember every receiving an email where Marsha Zachery (one of my pervious team member, who is now retired eff. February 2018) like other team members were and are required to send an email to all A/EX/HRD personnel informing us when she logged in to telework and when she logged out from teleworking.  Tami Allen (one of my pervious team member, who is now retired eff. December 2017), told me when I asked her in approximately October 2017, if she had been completing the Telework request reports in the morning and again in the afternoon when she finished teleworking and she stated that she had long stop completing the Telework report in the morning and afternoon when she teleworked (who by the way received a performance award in approximately September 2017).  In January 2017, I informed Rita Evans if she was aware that

2

 

some of our EX director's (Janice deGarmo) telework policy was in violation of OPM's telework policy guidance where employees should not be required to document their work while teleworking unless they were required to do the same when they are in the office.

Rita Evans asked Linda Rosborough (Employee relations specialist) to talk to me about my questions/concerns I have with our telework policy. I provided Linda with my concerns and OPM's telework guidance, and over a 2 month long period of time, she talked with the HRD director (Aisha Mooney-Phillips) and later to the Janice deGarmo who told Linda Rosborough that when she had the telework policy created, she had the departments Legal personnel review it and they blessed off on it, therefore despite me providing Linda Rosborough with OPM's guidance, Janice did not change anything and ever since then I have been scrutinized on my telework report submissions. Where I believe Rita Evans, Aisha Mooney-Phillips and Janice deGarmo are complicit on my being consistently scrutinized for questioning them about my position description, to Janice's requirement to have me document my work while teleworking and my having to submit the ONE on One work reports every 2 weeks while at work and my 2017 Annual Performance Appraisal and my 2018 work commitments that being based off of GS-13 HR Specialist position descriptions. I was brought here under and expired position description that has yet to be reclassified. I believe not every one of my team member, and others within the rest of HRD aren't being held to the same requirements.

Although I consistently receive praises for the type of work I perform from employees, managers, supervisors and Directors a like, some of which have informed my supervisor and another supervisor (Lisa Johnson) within HRD during a conference call; you would not know this because, during this last rating cycle, I did not receive any awards even after receiving a rating of exceeds, which I believe should have been an outstanding because even though the rating cycle ended 12-31-2017. I did not receive my appraisal for review and signature until after one of my case files was returned from an audit in late February 2018; however of course my supervisor Rita Evans did not provide me with my mid-year evaluation, after having it scheduled then cancelling it and did not rescheduling it, I did not sign my 2017 Annual Performance appraisal because I did not agree with the final rating.

3

 

Approximately on January 9, 2018 (Tuesday), I asked my supervisor (Rita Evans) if I could telework on another day next week because my regular telework day is on a Monday, which we had Dr. Martin Luther King JR holiday coming up, as she frowned she told me that she would have to ask Aisha (HRD director). On January 12, 2018 (Friday) Rita came to inform me that Aisha Mooney-Phillips denied my request to reschedule my assigned telework day. I then emailed Aisha who teleworks on Fridays to inquiry why she denied my request. Aisha emailed me explaining to me that there was nothing in the telework policy that said I must be giving another day, and that the decision rest with the manager. I never understood this because every time I have asked to telework or switch my day, Rita Evans would always say she would have to ask Aisha as she frowned. I am a retired disabled veteran who has many medical appointments where I have had to burn a lot of leave when I have medical appointments, in lieu of being able to telework portions of the day and on leave when I am not working oppose to taking whole days of leave, where she herself has teleworked and been on leave countless times for appointments, as well as my other team members, while not allowing me to do the same.

On February 20, 2018, I was asked by Christine Rice who also teleworks on Mondays as I do, who approached me to ask me if I was going to be teleworking another day that week since the holiday was the day prior? I told her that Aisha (HRD director) denied me the right to switch my telework day back in January 2018, even though it falls on a national holiday. Christine Rice told me that she had emailed Rita who had not yet responded to her request to telework on that upcoming Thursday and she did get to telework and nothing else was said, therefore I decided that I had endured enough, my blood pressure levels are up and my medication to control my blood pressure levels has been increased, sense I have worked under this supervisor, HRD director and EX director, I am stressed and I don't want to continue going through these problems that are continuing to wear down my health. I have previously applied for other positions and interviewed for other position; however I believe negative feedback was provided to those who ended up not hiring me, especially after the interviews went so well, based off of the feedback that had been told to me by those who had interviewed me.

4

This concludes my Formal complaint at this time, however this is not the end of it, because I am still working within these conditions and should additional supporting facts arise during this process I will be sure to document and provide as part of this formal complaint.

Robert L. Dixon JR

Human Resources Specialist

Bureau of Administration

Department of State

DixonRL@state.gov

RLD1@icloud.com

(202) 485-7092 (Work)

(571) 286-1101 (Personal Cell)

5





**United States Department of State**
*Office of Civil Rights*
Washington, DC 20520-7428

May 9, 2018

Robert L. Dixon Jr
9103 Woodmore Center Drive
#183
Glenarden, MD 20706

Re: **EEO Case Number DOS-0154-18**

Dear Mr. Dixon Jr:

Pursuant to 29 C.F.R. § 1614.106(e), this letter is to acknowledge that on May 8, 2018 the Office of Civil Rights received your signed Formal Complaint of Discrimination. We will review your discrimination complaint for acceptance or dismissal, and notify you before initiating further processing.

If your formal complaint is accepted for further processing, the U.S. Department of State is required to conduct a complete and fair investigation within **180 calendar days** from the date you filed your formal complaint of discrimination, unless you and the Department agree in writing to extend the 180-day period. Once the investigation is completed, you will receive an original Report of Investigation (ROI) with notification of further procedural rights. Within **30 calendar days** (including weekends and holidays) of your receiving the ROI, you may request a hearing before the Equal Employment Opportunity Commission (EEOC) or a Final Agency Decision (FAD) from the U.S. Department of State. Alternatively, you may file a civil action in U.S. District Court.

If you request a hearing before an EEOC Administrative Judge, you must mail or hand-deliver your request to the:

Equal Employment Opportunity Commission
Hearing Unit – Washington Field Office
131 M Street, NE, 4th Floor, Suite 4NWO2F
Washington, D.C. 20520

Formal Complaint
Page 8 of 9

-2-

In accordance with 29 C.F.R. § 1614.106(e)(1), you have the right to appeal the final action on or dismissal of your complaint.

If you have any questions, please contact Ms. Claudette Rhone, EEO Specialist, at (202) 647-5657 or email to RhoneC@state.gov.

Sincerely,

Kerry-Ann Young
EEO Assistant

Formal Complaint
Page   9   of   9